Nov. Term,
1853.

TAYLOR
v.
THE STATE.

TAYLOR *v.* THE STATE, on the complaint of DIANA WHITE.

Where a party has had ample time to prepare for trial, and witnesses by whom he could have proved important facts were in his neighborhood, and being aware of their knowledge of such facts, he did not examine them on the trial, on account of a distrust of his ability to elicit the truth, he cannot obtain a new trial in order to avail himself of their testimony.

A verdict will not be set aside to admit evidence to impeach the credit of a witness, unless such evidence is strong, and pointed directly to the merits, so as to raise a violent presumption of its being successful with the jury.

*Friday,*
*December 23.*

APPEAL from the *Noble* Circuit Court.

ROACHE, J.—This information was tried in 1846, and *Taylor* found guilty as the putative father, and adjudged to pay 150 dollars, in instalments. A motion for a new trial being overruled, the evidence was set out in a bill of exceptions.

The ground chiefly relied on was newly discovered evidence. *Taylor* produced his own affidavit, and that of the proposed witness. So far he brought himself within the rule.

But he does not show that he had used due diligence to avail himself of the evidence on the trial.

The proposed witness is the brother-in-law of *Diana White*, with whom she lived during the period, &c. The complaint was made in *September*, 1845; the trial took place in *March*, 1846. *Taylor* had six months to prepare his defence. He lived in the immediate vicinity of the parties. He was not ignorant of the facts within the knowledge of the family where *Diana* resided, but distrusted his ability to elicit the truth. Hence, he did not closely examine *Diana's* sister when she was on the stand—did not even inquire whether she had received attentions from other men, and did not venture to examine the brother-in-law at all.

Having thus gone to trial unprepared, when witnesses so suggestive of important evidence were within his reach, and yet from considerations of prudence were not

even called, he must abide the consequences of his election. To relieve him by granting a new trial under such circumstances, would be to encourage neglect and remove all salutary stimulants to diligent preparation.

Nor is the newly discovered evidence of Doctor *Joslin,* (the brother-in-law), as set out in his affidavit, of a character to favor the relaxation of the rule.

It is chiefly impeaching. *Diana* had answered in chief that she had had no connection with any other man about the time, &c. *Joslin's* evidence, if believed, would tend to show that she had received attentions from two other men, under what the witness considered suspicious circumstances. This would be a feeble impeachment.

The statements of both witnesses might be true. Unless the impeaching evidence is strong, and pointed directly to the merits, so as to raise a violent presumption of its being successful with the jury, the verdict should not be disturbed. *Mechanics' Fire Insurance Company* v. *Nichols,* 1 Harr. 410. Courts do not favor new trials for the purpose of impeachment. *McIntire* v. *Young,* 6 Blackf. 496.

*Per Curiam.*—The judgment is affirmed, with 10 per cent. damages and costs.

*W. H. Coombs,* for the appellant.

*S. Bigger, J. K. Edgerton, R. A. Riley, N. B. Taylor* and *J. Coburn,* for the state.

Nov. Term,
1853.