*Williamson & Daggy*, for appellant.

---

MERRYMAN and Another *v.* RYAN.

APPEAL from the *Marion* Common Pleas.

GREGORY, J.—*Ryan* sued *Merryman* and *Drake* for work and labor.  Answer: denial, set-off, counter-claim, and that the work was done under a special contract of partnership. Reply, denial.  Trial by jury; verdict for the plaintiff; motion for a new trial overruled, and judgment on the verdict.  The defendants appeal to this court.  The evidence is in the record.  Several reasons are urged in support of the motion for a new trial: 1. Excessive damages.  2. The

verdict is not sustained by the evidence, and is contrary to law. 3. Surprise. 4. Newly discovered evidence.

The plaintiff and defendants each testified. There is a conflict in the evidence. The testimony of *Ryan*, (the plaintiff,) *Whitridge*, *Hewes* and *Yohn*, sustain the verdict, whilst that of *Merryman*, *Drake*, (the defendants,) *Harding* and *House*, is in conflict therewith. The court and jury who tried the cause had a better opportunity than this court can have to judge of the weight to be given to the testimony of the witnesses, and the credit to which each was entitled by his conduct and manner of testifying. And as there is evidence to sustain the verdict, under the well recognized rule of law on the subject, we cannot interfere.

The pleadings put in issue the partnership, and this was notice to the defendants that that question would be contested on the trial, so far as the matters involved in the suit were concerned. The alleged surprise consisted in the fact that the plaintiff swore, on the trial, that the work was done before the partnership commenced. The defendants introduced evidence on the trial, on this question, and swear, in their affidavit, that they used every exertion to procure more testimony on the same subject. It cannot be said, under such circumstances, that the matter alleged was a surprise.

The newly discovered evidence was cumulative, and was not the turning point in the cause. It was proved on the trial, by *Harding* and *House*, that *Ryan* said he was in partnership with *Merryman* during the progress of the work. The appellants ask a new trial because they have found other persons who will swear to the same thing. This is no ground for a new trial. *Fox* v. *Reynolds, ante,* p. 46. *Bronson* v. *Hickman,* 10 Ind. 3.

The judgment of the court below is affirmed, with 5 per cent. damages, and costs.

*J. Milner*, for appellants.

*J. T. Dye* and *A. C. Harris*, for appellee.