ANDERSON *v.* LANE.

Replevin.—*Verdict.*—In an action of replevin, the property involved in the suit was specifically described in the complaint, and was referred to in the verdict as "said property."

*Held*, that a more specific description of the property in the verdict was unnecessary.

Same.—*Assessment of Damages.*—*Harmless Error.*—Where, in an action of replevin, there is a verdict for the plaintiff, the defendant cannot complain of the failure of the jury to assess damages for the detention of the property.

Practice.—*Evidence.*—*Bill of Exceptions.*—The question whether a verdict was sustained by sufficient evidence or not, cannot be raised in the Supreme Court without a proper presentation of all the evidence as it was given on the trial;—a certificate by the judge of what the evidence proved, or tended to prove, as to certain questions of fact, is not sufficient.

APPEAL from the Porter Common Pleas.

Suit by the appellee against the appellant, to recover certain personal property, specifically described in the complaint. Issues were formed and submitted for trial to a jury, who returned the following verdict: "We, the jury, find for the plaintiff; that at the time of the commencement of this suit he was the owner, and entitled to the possession, of said

property; that it was unlawfully detained by the defendant; that it was of the value of seventy-five dollars; and that the plaintiff is damaged in the sum of $—— by detention thereof.

    (Signed)       WILLIAM STODDARD, Foreman."

The appellant thereupon moved the court for a *venire de novo*, for the following reasons: "1. That the verdict does not describe the property which it says was unjustly detained. 2. That the verdict does not find any damages, as alleged in the complaint." Which motion was overruled.

A motion for a new trial was also made, and overruled. These rulings were severally excepted to, and judgment was rendered on the verdict.

The errors assigned are:

1. Overruling the appellant's motion for a *venire de novo*.
2. Overruling the appellant's motion for a new trial.

ELLIOTT, J.—The motion for a *venire de novo* was properly overruled. The property involved in the suit was specifically described in the complaint, and is referred to in the verdict as "said property." This refers to the property in suit, as described in the complaint, and is sufficient.

The failure of the jury to assess damages for the detention of the property did not injure the appellant, and he cannot, therefore, complain of it. It was a benefit to him, and not an injury, and hence he cannot claim a reversal of the judgment for such a reason.

One of the reasons urged for a new trial is, that the verdict is not sustained by the evidence. This is the question discussed by the appellant's counsel under the second error assigned.

It is certified in a bill of exceptions that it contains all the evidence given in the cause. But this is an evident error, as the bill of exceptions does not, in fact, contain any part of the evidence, as given on the trial. It simply contains a certificate by the judge of what the evidence proved,

or tended to prove, as to certain questions of fact. It commences thus: "There was competent and proper evidence introduced tending to prove that the defendant was, at the date of the commencement of this suit, sheriff of Starke county," &c. This is a fair specimen of the whole. We cannot look to such a statement, to determine the question whether the verdict was or was not sustained by sufficient evidence. That question can only be raised in this court by a proper presentation of all the evidence as it was given on the trial in the lower court.

The judgment is affirmed, with costs.

*W. H. Calkins*, for appellant.

*M. A. O. Packard* and *S. I. Anthony*, for appellee.

