## YATES *v.* GEORGE ET AL.

SUPREME COURT.—*Evidence.*—*Bill of Exceptions.*—To present to the Supreme Court any question arising upon the evidence, the evidence should be set out in the record; and the testimony of a witness cannot be sufficiently set out by stating that he testified in substance the same as another witness named, whose testimony is fully set out.

SAME.—*Instruction to Jury Refused.*—Where the evidence was not fully set out in the record, and it was not stated in the bill of exceptions that certain instructions refused were properly applicable to the case made by the evidence, it was presumed by the Supreme Court that they were refused because inapplicable to the evidence.

From the Vanderburgh Circuit Court.

*C. Denby, J. M. Shackelford, D. B. Kumler* and *R. D. Richardson,* for appellant.

*G. Palmer* and *S. R. Hornbrook,* for appellees.

WORDEN, J.—Action by the appellees against the appellant, to recover damages for alleged careless and unskilful practice by the defendant as a surgeon. Issue, trial by jury, verdict and judgment for the plaintiffs.

Error is assigned upon the overruling of a motion made by the defendant for a new trial.

The points relied upon for a reversal are the refusal of the court to give certain instructions asked by the defendant, and the insufficiency of the evidence to sustain the verdict.

A bill of exceptions in the cause professes to set out all the evidence, but an examination of it shows that the evidence of several physicians is omitted, as well as some documentary or written evidence. The omitted testimony of

the physicians may be illustrated by an extract from the bill of exceptions in respect to one. The bill shows that Dr. De Bruler was introduced, and proceeds as follows: "I am a physician; I have practised thirty years; reside in Evansville. The witness then proceeded to testify in substance the same as Dr. Hilliard." In order to present a question to this court arising upon the evidence, the evidence should be set out; and it will not do to say that a witness testified in substance the same as another witness. The testimony of two or more witnesses might be regarded by the judge signing the bill of exceptions as substantially alike, while if the evidence were set out in the bill of exceptions, this court might think the testimony of the different witnesses substantially unlike.

Under these circumstances, we cannot regard the evidence as being in the record, and must presume that the charges asked and refused, if correct in the abstract, were refused because inapplicable to the case made by the evidence. *The Jeffersonville, etc., R. R. Co.* v. *Cox*, 37 Ind. 325, 330, and authorities there cited.

The evidence is not in the record, nor is it stated in the bill of exceptions that the instructions refused were properly applicable to the case made by the evidence.

The judgment below is affirmed, with costs.