Cox *v.* Harvey.

NEW TRIAL.—*Complaint for New Trial.*—*Newly-Discovered Evidence.*—*Cumulative Evidence.*—Where, on the trial of an action, admissions of a party tending to show his liability in such action have been proved, proof of other admissions made by him having the same tendency is cumulative evidence, and the discovery of such evidence after the term at which the verdict or decision was rendered cannot support a complaint for a new trial.

SAME.—*Surprise.*—*Diligence.*—*Attorney.*—Where a party to an action, being sick, was absent from the trial thereof, knowing the issues, and not having asked a continuance, but having entrusted the management of his cause to his attorney, and, in a complaint for a new trial, on the ground that he was surprised by the evidence of the adverse party, alleged that he was not informed of such evidence till after the term, but did not how that, by the use of diligence, his attorney could not have informed him ;

*Held*, that the complaint was bad for its failure to show reasonable diligence.

From the Hamilton Circuit Court.

*J. W. Evans* and *R. R. Stephenson*, for appellant.

*J. O'Brien* and *R. Graham*, for appellee.

DOWNEY, C. J.—This was a complaint for a new trial by the appellant against the appellee. To it a demurrer was sustained by the court, and this ruling is the error assigned. The complaint alleges that an action was instituted by the appellant against the appellee and Abner Atkinson and Thomas Stout, on a promissory note, alleged to have been executed by the defendants therein in their firm name of Atkinson & Co. ; that Atkinson and Stout did not appear, not having been served with process; that Harvey appeared, and under oath denied the execution of the note; that upon trial by the court, there was a finding for the defendant and judgment thereon for costs in his favor. The evidence given in the cause is then set forth *in extenso*, and as grounds for a new trial, the plaintiff relies upon newly-discovered evidence, and that he was surprised by the evidence introduced by the defendant on the trial of the cause.

A complaint can be filed for a new trial only for causes discovered after the term at which the verdict or decision was rendered. 2 G. & H. 215, sec. 356.

As to the ground stated relating to the newly-discovered evidence, it is urged by counsel for appellee that the complaint does not show that such new evidence was discovered after the term of court when the decision of the cause was had. We think counsel are mistaken in this. The complaint states "that since the adjournment of the November term, 1873, of this court, at which the trial of this cause was had, he has discovered," etc.

Again, it is urged that the alleged new evidence is only cumulative. We think this position is well taken. On the trial, admissions of the defendant were given in evidence by the plaintiff, tending to show that he was liable on the note as one of the firm. The newly-discovered evidence consists of other admissions made by the defendant having the same tendency. This is cumulative evidence. The discovery of such evidence is no ground for granting a new trial. Buskirk Prac. 241, 242, and cases cited.

The plaintiff was at home, sick, and not at the trial. His deposition was taken and used. He alleges, as to the surprise, that he was not informed as to how the witnesses against him had testified, until after the close of the term. It does not appear that, with the use of any diligence, his counsel could not have informed him, and for this reason we think this cause for a new trial cannot be held sufficient. The want of reasonable diligence of counsel is the same as want of reasonable diligence of the client. He was informed of the issue that had been made in the cause; he did not ask to have the cause continued, but entrusted the management of the trial to his counsel; and he must abide by the consequences of their neglect, if any there was. We think the demurrer to the complaint was properly sustained.

The judgment is affirmed, with costs.