HIATT v. BALLINGER.

PLEADING.—*Complaint for New Trial.*—*Statute Construed.*—An application for a new trial under section 356 of the practice act, 2 R. S. 1876, p. 183, is a proceeding independent of the original action, and the complaint should show that it is made within one year after the judgment in the original cause, and after the term at which such judgment was rendered, and should set out the issues and evidence in the original cause together with the newly-discovered matter relied upon for a new trial, with an allegation that the latter was discovered after the term at which such judgment was rendered.

From the Grant Circuit Court.

*A. Steele* and *R. T. St. John,* for appellant.

*1. Van Devanter, J. F. McDowell, G. L. McDowell, F. L. Bixby* and *P. Norton,* for appellee.

HOWK, J.—On the 23d day of April, 1875, the appellant filed in the court below his complaint, duly verified, for a new trial, under the provisions of section 356 of the practice act. 2 R. S. 1876, p. 183.

We set out the substance of this complaint, as follows:

The appellant moved the court for a new trial of a certain cause, wherein he was the defendant, and the appellee was the plaintiff, upon the following grounds, to wit:

1. That the appellant was not aware of the kind and character of the evidence intended to be introduced on the trial of said cause by the appellee; that the appellant was surprised by the testimony of the appellee and of George James, appellee's witness, in this, that he had not supposed that said James or the appellee would or could swear that the appellant was, by the agreement of the appellee and the appellant, to pay off the judgment of Henry Pierce against the appellee, and deduct the same from the first payment of purchase-money due from appellant to the appellee, and evidenced by appellant's note for $1,000; that, not being apprised of any such determination on the part of the appellee, the appellant was not prepared to meet such evidence at the time,

and did not then know that such testimony was to be introduced, until the said witnesses went upon the stand to testify, and that he was then surprised by their testimony; that at the time appellant could not remember who was present when the said money was paid to the appellee by the appellant; that appellant believed that no ordinary prudence could have guarded against said surprise; that the appellant had since discovered that one William Morris, who was at the date of said trial a resident of Delaware county, Indiana, and a competent witness, was present when the appellant paid said $1,000 to the appellee, which was spoken of by appellee and said James in their testimony, made part of the complaint; that, when he paid said sum of money, it was understood and agreed by the appellee and the appellant, that the appellee should pay said judgment of Henry Pierce; that the appellant, at the time of said trial, remembered that some one was present when said money was paid, but could not remember who, and that he has since discovered it was said William Morris; that the appellant can prove the above fact and agreement by said Morris, whose affidavit was filed with the complaint, as part thereof; that appellant could, in addition, prove by one Asa Capper, a competent witness, whose affidavit was therewith filed, that he, said Capper, was in Marion, in company with one Patterson, since deceased, and that they, said Capper and Patterson, met with the appellee on the street, and that the appellee then informed them that he was then on his way, moving to Iowa, and had stopped in Marion to pay off the said Henry Pierce judgment against him; that Patterson remarked to appellee, "I thought Elam Hiatt was to pay it," when the appellee replied, "there was some talk of that, but we did not know how much the cost was, and I had concluded to draw the money and pay it myself, and then he would have all his money that was left with him;" that the appellee had his wagon loaded with household goods, and

his wife was with him, or some woman the witness supposed to be his wife; that the appellant discovered this latter testimony since said trial, and did not know that he could prove the same by said Capper until after said trial; that appellant can also prove by said Morris, that George James was not present when said $1,000 was so paid to the appellee, and that since the said trial the appellant had discovered that he could prove by George Stebbon, that, before the trial of said cause, said George James informed said Stebbon, that all he, James, knew about said cause was what the appellee had told him; and the appellant therewith brought into court the affidavit of said Stebbon.

The appellee demurred to appellant's complaint, upon the ground that it did not state sufficient facts, which demurrer was sustained, and to this decision appellant excepted.

Judgment was rendered on the demurrer, in favor of the appellee and against the appellant, for costs, from which judgment this appeal is now prosecuted.

The only error assigned by the appellant in this court is the decision of the court below, sustaining the demurrer to his complaint.

As we have already said, the appellant's complaint was filed under the provisions of section 356 of the practice act. This section provides, that, " Where causes for new trial are discovered, after the term at which the verdict or decision was rendered, the application may be made by a complaint filed with the clerk, not later than the second term after the discovery, on which a summons shall issue, as on other complaints, requiring the adverse party to appear and answer it on or before the first day of the next term. The application shall stand for hearing at the term to which the summons is returned executed, and shall be summarily decided by the court, upon the evidence produced by the parties. But no such application shall be

made more than one year after the final judgment was rendered."

This section of the code has often been considered by this court. It is settled, that the proceedings authorized by this section are independent of the proceedings in the original action. *Sanders* v. *Loy*, 45 Ind. 229, and authorities cited.

It should therefore appear, on the face of a complaint under the section cited, when the judgment in the original cause was rendered, or that more than one year had not elapsed since the rendition of said judgment, at the filing of such complaint. In this case the appellant's complaint failed to show when the judgment in the original suit was rendered, or that it had not been rendered more than one year before the filing of such complaint, or, indeed, that any judgment had ever been rendered in the original suit of the appellee, against the appellant. Manifestly, therefore, the complaint was defective in this regard.

The words of the statute clearly indicate, that, in such a case as the one now before us, the complaint must show, that the causes for a new trial therein specified were discovered after the term, that is, after the close of the term at which the verdict or decision was rendered.

The appellant averred in his complaint in this case, that the "newly-discovered evidence" therein set out was discovered by him after the trial of said cause, and not after the term at which the cause was tried. It is clear that such an averment was insufficient; for it might have been strictly and literally true, that the evidence in question was not discovered until after the trial of said cause, and yet equally true that it was discovered by the appellant during, and before the close of, the term at which the verdict or decision was rendered; in which case, of course, it would not have afforded any sufficient ground for a complaint under the section cited. So that, in this par-

ticular, the appellant's complaint in this case was insufficient.

It has been held by this court, that such a complaint as the one now before us " must set out the issues upon the former trial and the evidence given on such trial, with the newly-discovered evidence." *Sanders* v. *Loy, supra.*

The appellant's complaint in this case not only failed to " set out the issues upon the former trial," but it is impossible to tell from said complaint what was the subject-matter of the original suit, or what judgment was rendered in said suit.

We have set out in this opinion a full statement of said complaint, in almost the exact language of the complaint, as it appears in the record. It will be seen therefrom, that the evidence of the appellee and one George James, on the former trial, is made part of the complaint, but that no other evidence, and none of the pleadings or proceedings on said former trial, are in any manner made part of, or set out in, said complaint.

But we need not pursue this question further, nor extend this opinion, as it seems clear to us, that the appellant's complaint was fatally defective. *Glidewell* v. *Daggy,* 21 Ind. 95 ; *Rickart* v. *Davis,* 42 Ind. 164 ; *Bartholomew* v. *Loy,* 44 Ind. 393 ; *Roush* v. *Layton,* 51 Ind. 106 ; *Cox* v. *Harvey,* 53 Ind. 174 ; and Buskirk Prac., p. 258, *et seq.*

The death of Elam Hiatt having been suggested, which occurred since the submission of this cause, the judgment is affirmed as of the date of submission.

The judgment is affirmed, at the appellant's costs.