Gans vs. Harmison.

___

GANS vs. HARMISON.

(1, 2) VACATING JUDGMENT *after the term.* (3, 4) NEW TRIAL *for newly discovered evidence.*

1. A judgment cannot be vacated, and a new trial granted, after the judgment term, on the ground that the verdict was against law and evidence, even upon an order to show cause made at such term.
2. The affidavits in this case (for which see the opinion) *held* not to show partiality or improper conduct on the part of any juror.
3. A new trial will not be granted as for newly discovered evidence, if the evidence proposed is merely cumulative, or if no sufficient excuse is shown for failure to produce it on the former trial.
4. In an action for the price of a chattel, where defendant claims that it was not sold to him, but to a third person, if some evidence has been given for defendant of plaintiff's admissions that he sold to such third person, testimony of other witnesses to like admissions is strictly *cumulative.*

APPEAL from the Circuit Court for *Eau Claire* County.

The case is sufficiently stated in the opinion.   The defend-
ant appealed.

The cause was submitted for the appellant on the brief of
*Meggett & Teall.*

*Levi M. Vilas,* for the respondent.

COLE, J.   I.  This cause was tried by a jury at the September
term, 1876, of Eau Claire circuit, and a verdict rendered for
the plaintiff, on which judgment was immediately entered.
November 23d, the costs were taxed and inserted in the judg-
ment, and, on the defendant's motion, a stay of proceedings
was granted for sixty days, to enable him to move for a new
trial.   At the last day of the term, the court granted a further
order, as of the term, for the plaintiff to show cause why the
judgment should not be set aside and a new trial had, which
motion, by consent of parties, was set for hearing at a day
fixed of the next term.   Subsequently, on the hearing of the
motion, the defendant claimed a new trial, (1) because the ver-
dict was against law and evidence; (2) because of the partiality
and bias of a juror who tried the cause; and (3) because of
newly discovered evidence.   The circuit court refused a new
trial; and from that order this appeal is taken.

In respect to the first ground of the motion, we will remark,
that the finding of the jury is abundantly and fully warranted
by the evidence.   If the weight of testimony is not in favor
of the verdict, as we are inclined to think it is, certainly there
is no preponderance against it.   But we shall not dwell upon
this point, for the reason that the motion for a new trial on
that ground came too late.   For it is well settled by the de-
cisions of this court, too numerous to be cited, that, except as
authorized by the statute, the court has no power to vacate a
judgment after the term at which it was rendered, for error
of law or fact committed on the trial.

II.   Was a case made out for vacating the judgment under
the statute on the other grounds?   It is said the affidavits of

Gans vs. Harmison.

Close and Whereatt, which were used on the motion, show such bias and partiality on the part of the juror Hathaway, as to render him wholly incompetent. What is stated in the affidavit of Close to show improper conduct on the part of this juror, is nothing more than mere suspicion, and is not worthy of serious consideration. It appears that he was one of the panel of jurors for the September term; and he states that he noticed, just prior to the trial of this action, that the plaintiff and Hathaway were frequently conversing together in and out of the court room; and, from the fact that the plaintiff had a cause on the calendar, and seeing them so often conversing together, his attention was arrested, and such an impression was made on his mind that he did not, at the time of trial, nor did he when he made his affidavit, consider Hathaway as an impartial or disinterested juror in the case, and was surprised that he was not peremptorily challenged by the defendant at the time the jury was impaneled, and so expressed himself to the defendant after the jury was impaneled. It seems, however, that the defendant was much less impressed by these acts of social intercourse than was the witness, and proceeded with the trial without objecting to the juror. Whereatt made an affidavit to show that the juror, previous to the trial, had formed and expressed an opinion upon the merits of the case. He says, in a conversation he had with the juror, he, the juror, stated that the defendant was trying to beat the plaintiff out of a pair of horses, and that the defendant was tricky. Whereatt was the surety in the bond given by the defendant to release the attachment levied at the commencement of the cause, and was therefore not a disinterested party. But he says that, immediately before the trial, he saw the plaintiff and Hathaway familiarly conversing together, and, after the jury was impaneled, he informed the defendant of what he had observed, and told him he should have taken Hathaway off from the jury, and said this to him while the trial was going on. The statements made in these affidavits are contra-

dicted by Hathaway, who says that before the trial he had never heard any statement of facts or evidence relating to the action from any person; that he knew nothing about the facts or evidence relating thereto; had never formed or expressed any opinion concerning the same; had no prejudice or bias for or against either of the parties; and was, at the time of the trial, and is now, equally friendly with both. Upon these affidavits, we think it impossible to say that Hathaway was guilty of any improper conduct, or that he was not a perfectly impartial juror. It is quite obvious that the defendant did not distrust his fairness and impartiality, since he was willing to proceed with the trial with knowledge of all the material facts relied on to show his incompetency. So the second ground upon which a new trial was claimed, fails.

III. Should the motion have been granted for newly discovered evidence? It is said by the plaintiff's counsel, that it should not, (1) because the newly discovered evidence is, in the main, cumulative; and (2) because the defendant failed to show that he exercised due diligence to discover this evidence before trial. The principal question litigated was, whether the horses and harness in question were sold by the plaintiff to the defendant, or whether, in fact, the sale was made to one Tuttle. The plaintiff claimed, and offered testimony tending to prove, that he sold the property to the defendant, who agreed to pay a stipulated price for it. This case was met and controverted by the defendant, who insisted that the property was sold to Tuttle, and that he only aided the plaintiff in making the sale. The parties were sworn on the trial, and flatly contradicted each other in their statements of the transaction; each supporting his case by alleged admissions made by the other. The newly discovered evidence consisted, in part, of alleged admissions of the plaintiff to Whittier and Mason, to the effect that he sold the team to Tuttle. But it is evident that this was strictly cumulative to admissions proven by the witness Madison on the trial. It is well settled that a new

trial will not be granted for newly discovered evidence which is merely and properly cumulative; that is, which but multiplies witnesses to any one or more of the facts before investigated, or only adds other circumstances of the same general character. *Wilson v. Plank*, 41 Wis., 94. Now the alleged admissions made to Whittier and Mason come fully within this rule, and were but cumulative to those testified to by Madison. Nor was there any error in refusing a new trial to enable the defendant to procure Tuttle's testimony, or his attendance as a witness. The defendant well knew the nature of the plaintiff's claim; that the plaintiff claimed he had sold him the property, and did not sell it to Tuttle. Thus knowing the plaintiff's case, it was his duty to procure the attendance or testimony of Tuttle at the trial, if he were a material witness, or apply to the court for a postponement of the cause to enable him to do so. But he made no application to continue the cause, but went to trial in the absence of this witness. Besides it is not clear that he used proper diligence to obtain the testimony of Tuttle. Under the circumstances, therefore, we think he does not excuse his neglect to procure Tuttle's testimony.

*By the Court.* — The order of the circuit court is affirmed.