The Trustees of the Indiana State Spiritual Association *v.* Reynolds *et al.*

---

THE TRUSTEES OF THE INDIANA STATE SPIRITUAL ASSOCIATION *v.* REYNOLDS ET AL.

NEW TRIAL.—*Complaint for, After Term.*—A complaint for a new trial, filed after the term at which trial was had, must show that the causes relied upon for a new trial were not discovered until after such term.

SAME.—*Motion at Term.*—Where causes for a new trial are discovered during the term they should be presented during that term by motion.

SAME.—*Newly-Discovered Evidence.*— A complaint for a new trial, on the ground of newly-discovered evidence, must, to be sufficient, set out all the evidence, written and documentary as well as oral, as given on the former trial, and not a mere statement of its substance or effect.

SAME.—*Demurrer.*—Where, from the evidence incorporated in such complaint and alleged to be all that was given on the trial, it appears that other evidence was given, the complaint is insufficient on demurrer ; as the demurrer, in such case, does not admit the truth of the allegation so contradicted.

From the Posey Circuit Court.

The Trustees of the Indiana State Spiritual Association *v.* Reynolds *et al.*

*E. D. Owen*, *W. M. Hoggatt* and *C. A. DeBruler*, for appellants.

*C. Denby*, *D. B. Kumler*, *J. E. McDonald*, *J. M. Butler*, *F. B. McDonald* and *G. C. Butler*, for appellees.

WORDEN, J.—The appellants herein brought an action to establish, and to admit to probate, the supposed last will of Robert Barnes, deceased; and upon the trial of the cause there was a verdict and judgment for the defendants in that action.

This action was brought, after the expiration of the term at which the former one was tried, by the appellants herein, the plaintiffs in the former action, to obtain a new trial in that action.

A demurrer to the complaint, for want of sufficient facts, was sustained, and final judgment rendered for the defendants.

Error is assigned upon the ruling in sustaining the demurrer to the complaint.

The complaint specified the grounds upon which a new trial was asked, as follows :

" And the plaintiffs say there are the following causes and reasons why the said judgment should be opened up, and said verdict should be set aside and in all things vacated, and a new trial granted the plaintiffs herein, to wit :

" 1st. Newly-discovered evidence material for the party applying, which they could not, with reasonable diligence, have discovered and produced at the trial;

" 2d. Misconduct of the prevailing party;

" 3d. Irregularity in the prevailing party;

" 4th. Misconduct herein of the attorneys of the defendants employed upon such former trial;

" 5th. That the principal witnesses for the defendants, or one or more of them, committed corrupt and wilful perjury in their evidence upon said former trial, in points material to the issue."

These causes are set out more specifically and at large

The Trustees of the Indiana State Spiritual Association v. Reynolds et al.

in the complaint; but there is no allegation that any of them except the first, the newly-discovered evidence, were discovered after the term at which the verdict was rendered, nor that they were not known to the appellants during that term.

The language of the complaint, in respect to the discovery of the causes for a new trial, is confined to the newly-discovered evidence, and does not embrace the other causes.    The following is the averment:

"And the plaintiffs say, that the newly-discovered evidence, herein made one of the causes for a new trial, was wholly unknown to the plaintiffs at the time of said former trial, and during the term of the court at which said trial was had," etc.

Where an action is commenced for the new trial of a cause, after the term at which the same was tried, the complaint must show, that the causes for which such new trial is asked were discovered after the term at which the verdict or decision was rendered; for such action can not be maintained, unless the causes are discovered after the term.    If discovered during the term, the proceeding to obtain a new trial is by motion, to be made at that term. 2 R. S. 1876, p. 183, secs. 354, 355, 356.

We may dismiss all the grounds upon which a new trial was asked, except the newly-discovered evidence, inasmuch as it does not appear that they were discovered after the term at which the verdict was rendered.

It is well settled, that a complaint for a new trial on the ground of newly-discovered evidence must set out all the evidence given upon the former trial.    Sanders v. Loy, 45 Ind. 229.

The complaint in this case alleges, "that, upon the trial of said issues of fact before the jury aforesaid, the parties, plaintiffs and defendants, to sustain such issues upon their respective parts, introduced and gave to the jury the evidence which is contained in exhibits marked 1, 2, 8, 9,

The Trustees of the Indiana State Spiritual Association v. Reynolds et al.

11, herewith filed, which contain all the evidence given on said trial."

In turning to the evidence, we find that W. B. Welborn was examined as a witness, who testified as follows:

"I am clerk of Gibson County Circuit Court. These papers are part of the files of the clerk's office of Gibson county. I brought them here. They are all papers in case of *Frederika Riel* v. *Robert Barnes.*"

The record then proceeds as follows:

"Interrogatories, filing-mark and answers offered. 33 ques. of interrogatories, and answer, read, filed Sept. 13, 70.

"3 Interrogatory filed Sept. 21, 70.

"Filed in Ct. Ct., Nov. 24, 70.

"Ans. to 35 interrog. filed 27, Sept. 1870."

These papers seem to have been read in evidence, but they are not set out in the record.

Hiram E. Reed testified as a witness, and the record, after setting out a part of his evidence, proceeds as follows:

"Examination proceeded as contrary to questions 5, 6, 7, 8 and 9, on pages 64 & 65, being on pages 162 & 163 of this record, contradicting Hayhurst, and swearing that the conversation occurred as detailed in those questions."

John E. Dutcher was called, who testified as follows:

"I have no interest in this suit; I know Alfred Russell; I had charge of the store after Barnes' death."

The record then proceeds in the following manner:

"Examination proceeded, contradicting Russell in his evidence in answer to questions 1, 2, 3, 4, 5 & 6, on pages 49, 50 & 51, being on pages 150, 151 & 152 of this record, and swearing the said conversation occurred; also contradicting Hayhurst's evidence in answer to questions 10, 11, 12, 13, 14, 15 & 16, on pages 65 & 66, being on pages 163, 164 & 165 of this record, and swearing the conversation occurred."

The Trustees of the Indiana State Spiritual Association v. Reynolds *et al.*

Luke Wood was called, and the record, without stating his evidence upon the subject, states that he " contradicts Russell in his evidence in answer to questions 11 & 12, on page 53, being on page 153 of this record, and swearing the conversation occurred."

It is thus rendered very apparent that there was written as well as oral evidence given upon the trial, which is not contained in the complaint herein.

We have no means of knowing the character or effect of the written or documentary evidence produced by Mr. Welborn; and as to the omitted oral evidence we have not the language of the witnesses themselves, but a third person's statement of what he supposed to be the effect of the evidence.

This will not do as a substitute for the language of the witnesses themselves.   *Yates* v. *George*, 51 Ind. 324; *Anderson* v. *Lane*, 32 Ind. 102.

But the appellants insist, that, as the complaint alleged that the exhibits referred to contained all the evidence given upon the former trial, the demurrer admitted the allegation to be true, and that the appellees can not now be heard to say to the contrary.   Doubtless, if the complaint had set out certain evidence, and there had been nothing contained in it to show that other or further evidence had been given, an allegation that the evidence thus set out was all that was given would have been admitted to be true by the demurrer.   *Sanders* v. *Loy*, *supra*.

But it must be remembered, that a demurrer admits no facts but such as are well pleaded.   Thus, says Mr. Gould, " as it confesses not what is ill pleaded, it of course does not confess any averment, contradicting what before appears certain, on the record."   Gould Pleadings, p. 438, chap. 9, sec. 24.

It appears certain by the record, that evidence was given on the trial other than that contained in the exhibits referred to; hence the demurrer can not be held to

admit that the exhibits contained all the evidence given upon the trial, though there was an allegation in the complaint that they contained all that was given.

As it appears affirmatively by the complaint, that evidence was given on the trial other than that contained in the complaint, no case was made for a new trial upon the ground of newly-discovered evidence.

The demurrer to the complaint was properly sustained.. The judgment below is affirmed, with costs.