Hines *et al. v.* Driver.

No. 10,644.

## HINES ET AL. *v.* DRIVER.

NEW TRIAL.—*Practice.—Complaint.—Demurrer.*—An application for a new trial made after the close of the term is an independent proceeding, and must be by complaint, and the sufficiency of the complaint may be tested by demurrer.

SAME.—*Exhibits.—Newly Discovered Evidence.*—In a complaint for a new trial it is proper to set out the evidence given on the former trial, and the affidavits containing the newly discovered evidence in exhibits filed with the complaint, and such exhibits will be considered part of the complaint for that purpose, but not for the purpose of supplying averments that should be made in the body of the pleading.

SAME.—*Second New Trial.*—A party can obtain a second new trial upon the ground of newly discovered evidence only in very rare cases and by making an unusually strong and satisfactory case.

SAME.—*Complaint Must Show that Evidence was not Discovered during Term.*—It must be shown in a complaint for a new trial upon the ground of newly discovered evidence, that it was not discovered during the term.

SAME.—*Diligence.— Facts Must be Pleaded.*—The facts constituting the diligence alleged to have been used to obtain evidence must be pleaded, and it is not sufficient to plead conclusions.

SAME.—*Making Inquiries for Evidence.*—Where the diligence alleged consists in making inquiries for evidence, it is necessary to state time, place and circumstances of making the inquiries.

SAME.—*Materiality of Newly Discovered Evidence.*—The complaint must show the materiality of the newly discovered evidence, and show, also, a strong probability that if a new trial should be granted it would change the result.

SAME.—*Cumulative Evidence.*—New trials will not be granted to permit the introduction of merely cumulative evidence, and evidence of the same kind, addressed to the same point, is cumulative.

SAME.—*Admissions.*—Where admissions of a party to the same point are given in evidence on the trial, other admissions of a similar character and to the same point are cumulative.

From the Hamilton Circuit Court.

*A. F. Shirts, G. Shirts, W. R. Fertig* and *W. Neal,* for appellants.

*T. A. Hendricks, A. W. Hendricks, C. Baker, O. B. Hord, A. Baker, E. Daniels, D. Turpie, D. Moss, R. R. Stephenson, H. A. Lee, T. J. Kane* and *T. P. Davis,* for appellee.

| | |
|---|---|
| 100 | 315 |
| 125 | 374 |
| 100 | 315 |
| 129 | 280 |
| 100 | 315 |
| 130 | 529 |
| 100 | 315 |
| 133 | 363 |
| 100 | 315 |
| 134 | 494 |
| 100 | 315 |
| 143 | 621 |
| 100 | 315 |
| 144 | 391 |
| 145 | 5 |
| 100 | 315 |
| 149 | 14 |
| 100 | 315 |
| 158 | 373 |
| 100 | 315 |
| e165 | 157 |
| 165 | 159 |
| 100 | 315 |
| 170 | 653 |
| 100 | 315 |
| f171 | 101 |

ELLIOTT, J.—The appellee's complaint seeks a new trial on the ground of newly discovered evidence. Its sufficiency was questioned by a demurrer in the court below, and the appellants insist that their demurrer ought to have been sustained.

The case has already received consideration upon a motion made by the appellee to dismiss the appeal, and it was then held, after a very careful and full investigation, that a proceeding seeking a new trial, commenced after the expiration of the term, was an independent one. *Hines* v. *Driver,* 89 Ind. 339. We have no doubt of the correctness of the conclusion then announced. As the proceeding is a new and independent action, it requires a complaint; it is, indeed, expressly required by the statute, and has been so held by our own and other courts. In *Glidewell* v. *Daggy,* 21 Ind. 95, it was said, in speaking of an application for a new trial made after the close of the term: "It is by complaint, and the complaint must show, on its face, a case for a new trial, so that, should it be demurred to, and thereby be admitted, the court would act finally upon it. It must contain, in allegation, what must be shown in proof." The court, in *Sanders* v. *Loy,* 45 Ind. 229, declared that the proceeding was an independent one, and held that an issue must be formed on the complaint, and tried by the court, and the judgment was reversed because the court erred in overruling the demurrer. In *Hiatt* v. *Ballinger,* 59 Ind. 303, it was held that the proceeding was an independent one, and that the demurrer to the complaint was properly sustained. But it is unnecessary to make further extracts from the adjudged cases in this court, for they uniformly hold that the proceeding is an independent one, that it is by complaint, and that the sufficiency of the complaint may be tried by demurrer. *Allen* v. *Gillum,* 16 Ind. 234; *Huntington* v. *Drake,* 24 Ind. 347; *Rickart* v. *Davis,* 42 Ind. 164; *Bartholomew* v. *Loy,* 44 Ind. 393; *Shigley* v. *Snyder,* 45 Ind. 543; *Roush* v. *Layton,* 51 Ind. 106; *Cox* v. *Harvey,* 53 Ind. 174; *Trustees, etc.,* v. *Reynolds,* 61 Ind. 104; *Burton* v. *Harris,* 76 Ind. 429; *Kitch* v. *Oatis,* 79 Ind. 96.

Hines *et al. v.* Driver.

It is so held elsewhere. *Cohol* v. *Allen*, 37 Iowa, 449. As a complaint is required, it must be such as will withstand a demurrer, and in order that it may be sufficient to do this, it must properly plead such facts as show the applicant entitled to a new trial. It is a familiar rule of pleading, that a demurrer admits only such facts as are sufficiently pleaded, and the question which in this instance arises under the rule is, whether the affidavits of witnesses and the bill of exceptions containing the evidence given on the former trial and filed with the complaint form part of it in such a manner as to be deemed sufficiently pleaded. The general rule undoubtedly is that a paper not the foundation of an action can not be made part of a pleading by filing it as an exhibit. This rule is a statutory one, and is firmly supported by the decided cases. *Cassaday* v. *American Ins. Co.;* 72 Ind. 95, see auth. p. 99; *Clodfelter* v. *Hulett,* 72 Ind. 137; *Stahl* v. *Hammontree,* 72 Ind. 103; *Briscoe* v. *Johnson,* 73 Ind. 573; *Carter* v. *Branson,* 79 Ind. 14. Where, however, the instrument is properly made an exhibit, and thus incorporated into the complaint, it will not only aid the averments of the pleading, but will often control them. *Bayless* v. *Glenn,* 72 Ind. 5; *Parker* v. *Teas,* 79 Ind. 235, see auth. p. 238. But, while the general rule is that stated, there are many exceptions to it. A complaint for review not only may but must set out a transcript of the proceedings, and this is properly done by way of making it an exhibit. So, when a construction of a will is asked, the will may be set out as an exhibit. So, where the correction of a written instrument is asked, it is properly made an exhibit. We think the present case also forms at least a partial exception to the general rule. It is settled by the decisions to which we have referred, that the complaint for a new trial must set forth the evidence given on the former trial, and also the affidavits of the witnesses from whom the newly discovered evidence is expected to be elicited in case of a new trial. The case is therefore very plainly distinguishable from one in which the evidence is not re-

quired to be set out.  The difference between the cases governed by the general rule becomes more striking, when it is brought to mind that ordinarily it is improper to plead evidence; while, in such a case as this, it is not only proper, but indispensably necessary.  As the evidence must be pleaded, it is only necessary to plead the instruments which contain it.  Any other rule than this would uselessly encumber the record, for it would require the instruments to be made exhibits and the evidence itself to be rehearsed in the body of the complaint, and, surely, no good purpose would be accomplished by such a practice.  In many of the cases cited, the evidence, new and old, was made part of the complaint by exhibits, and the practice was impliedly, if not expressly, recognized as the correct one.  In the case of *Trustees, etc.,* v. *Reynolds, supra,* the rule we have stated was declared in a very emphatic way, for it was held that the statements of the exhibit would control the averments in the body of the complaint.  This can only be correct to the extent that such exhibits form parts of the complaint, and the decision does not profess to carry it further.

It is an elementary principle, that where an instrument is properly referred to, it becomes part of the pleading making the reference, and thus enters into the record.  Broom Legal Maxims, 522.  This principle is a familiar one in the chancery practice, and is recognized in numerous cases in our own reports.  The question is, whether the instruments are such as may properly be made exhibits; if they are, then, when made exhibits, they form part of the pleading, and are, of course, in the record; if they are not proper exhibits, they are no part of the pleading, so that the controversy turns upon the question whether the instruments are proper exhibits or not.

While we hold that the affidavits and the bill of exceptions containing the evidence given on the former trial may be made exhibits, we hold, also, that they are only part of the pleading, for the single purpose of showing the former evidence and the newly discovered evidence.  The exhibits can be al-

lowed no greater force than this. They can not be resorted to for the purpose of aiding the complaint in any other particular; their effect must be confined to a statement of the original and the newly discovered evidence; all the other facts essential to the validity of the complaint must be stated in the body of that pleading as in ordinary cases.

The complaint in *Hill* v. *Roach,* 72 Ind. 57, was for a review, and was not a complaint for a new trial, and it was rightly held that the complaint must be tried by the averments in the body of it, and not by the recitals in the affidavit of a witness. A complaint for a new trial is for newly discovered evidence; while a complaint for a review is for newly discovered matter, and the newly discovered matter must be stated in the body of the complaint. The difference between the two cases has been many times explained; among the cases explaining it are *Hall* v. *Palmer,* 18 Ind. 5, *Fleming* v. *Stout,* 19 Ind. 328, *Webster* v. *Maiden,* 41 Ind. 124, see p. 130, and *Barnes* v. *Dewey,* 58 Ind. 418. As said in *Nelson* v. *Johnson,* 18 Ind. 329, " New matter is a different thing from new evidence. Matter, as the word is used in law, means a fact or facts constituting the whole or a part of a ground of action or defence."

The exhibits incorporated into the complaint by way of reference are to be regarded as sufficiently pleading the new testimony and the evidence given on the former trial, and they, therefore, state two essential elements of the plaintiff's case, the newly discovered evidence and the evidence on the former trial, but they do no more.

It remains to ascertain whether the other elements of a cause of action are found in the body of the complaint, for, if not found there, they do not exist. The facts out of which the litigation arose are stated in the opinion deciding the case when it was here for the first time. *Hines* v. *Driver,* 72 Ind. 125. The contest was over the question whether Driver had falsely represented the amount of the indebtedness of the firm of which he was a member, to induce Hines to buy that interest,

it being contended by the latter that Driver had represented the indebtedness of the firm to be $1,500, whereas it amounted to $4,800. The first trial resulted in a verdict and judgment in favor of Driver, but this judgment was reversed (*Hines* v. *Driver, supra*); after the case got back into the trial court it was again tried, and a verdict and judgment rendered in favor of the appellants. The appellee secured a new trial upon the same ground as that upon which he now seeks one, namely, newly discovered evidence, and a third trial was had, and he was again defeated.

The appellee, having once secured a new trial upon the ground of newly discovered evidence, must show a very strong case, or he can not again have a new trial upon the same ground. Society has an interest in matters such as this, for it is not permissible to disturb the repose of society by continued litigation. If new trials were lightly granted in cases like this, the interests of society would be injuriously affected and the administration of public justice greatly disturbed. But the adverse party is also entitled to have an end put to the litigation and his legal rights finally established. The good of society, as well as the interests of litigants, requires that a party should be diligent in securing, not part, but all of his evidence, in order that one action may settle the controversy. If lax rules were to prevail, then great delays and protracted and vexatious litigation would be the consequence. If a defeated litigant could obtain a second new trial upon the ground of newly discovered evidence, without a strong, clear and satisfactory showing of diligence, of the materiality of the evidence, and of the probability that it would change the result, there would be a temptation to great wrongs, and such a procedure would lead to grave abuses. A party who has had two trials can not obtain a third without making out, in every respect, a strong case. He has a much heavier burden than an applicant who asks a new trial for the first time, although the burden of such a party is by no means a light one. Even where the application is made for the first time, and the

Hines *et al. v.* Driver.

ground upon which it is placed is that of newly discovered evidence, it is looked upon with much disfavor and entertained with great reluctance. In one case it was said : "Motions of this kind ought to be received with great caution, because there are few cases tried, in which something new may not be hunted up, and because it tends very much to the introduction of perjury, to admit new evidence after the party who has lost the verdict, has had an opportunity of discovering the points both of his adversary's strength and his own weakness." *Moore* v. *Philadelphia Bank,* 5 S. & R. 41. In another case it was said : "It is infinitely better that a single person should suffer mischief than that every man should have it in his power, by keeping back part of his evidence and then swearing it was mislaid, to destroy verdicts and introduce new trials at their pleasure." To a similar effect is the language of the court in *Baker* v. *Joseph,* 16 Cal. 173 : "Applications for this cause are regarded with distrust and disfavor. The temptations are so strong to make a favorable showing, after a defeat in an angry and bitter controversy involving considerable interests, and the circumstance that testimony has just been discovered, when it is too late to introduce it, so suspicious, that courts require the very strictest showing to be made of diligence, and all other facts necessary to give effect to the claim." The law favors the diligent and punishes the sluggards. Its policy is to compel parties to be ready for trial and to try their causes at the time appointed, and to so try them as that all the evidence they can procure shall be introduced and the litigation finally terminated. A party who seeks to reopen the litigation on the ground that he has discovered new evidence must, for the reasons stated, be prepared to establish every essential element of such a case strongly, clearly and satisfactorily.

The complaint before us fails in many essential respects. It does not show that the evidence was not discovered during the term at which the verdict and judgment sought to be set

aside were rendered. Where evidence is discovered during the term, the defeated party must apply by motion for a new trial; he can not delay until the close of the term and then proceed by complaint. The two methods of procedure are materially different. One is an independent proceeding; the other is an ancillary proceeding in a pending cause. *Trustees, etc.,* v. *Reynolds, supra.* If a party neglects to proceed by motion in a pending case, when that is the proper course, he can not after the close of the term institute an independent proceeding. It is not sufficient to allege that the evidence was not discovered until after the trial; it must be averred that it was not discovered during the term. *Hiatt* v. *Ballinger,* 59 Ind. 303. "In a complaint for a new trial," said the court in a recent case, "after the term at which the judgment was rendered, it must be shown that the new evidence, by the use of due diligence, could not have been found in time for the trial, nor before the close of the term." *Ragsdale* v. *Matthews,* 93 Ind. 589.

The complaint is insufficient for the further reason that it does not state the facts constituting diligence. It is evident from what we have said upon the general subject of new trials on the ground of newly discovered evidence, that the courts are very strict in requiring a full statement of the facts constituting diligence. In one of the earliest decisions of this court, it was said by one of the first judges of the State: "In listening to such applications, courts of justice have always been extremely cautious, and have uniformly overruled them, where, upon using due diligence, the evidence might have been discovered before." *Coe* v. *Givan,* 1 Blackf. 366. A text-book of excellent standing contains this statement of the rule: "The strong presumption is, that by proper effort, the party might have discovered the evidence and used it on the trial; and that his not having done so, is owing either to intentional omission, or to unpardonable neglect. To rebut this presumption, he must make out a case free from delinquency. His excuse must be so broad as to dissipate all

surmise to the contrary." 3 Graham & Waterman New Trials, 1026. Our decisions holding that the facts constituting the diligence must be specifically stated are far too numerous for citation. In one of the latest cases upon the subject it is said : "In such case, general averments in the complaint are not sufficient. The facts constituting the diligence must be stated." *McCauley* v. *Murdock*, 97 Ind. 229. In one of the earliest cases upon the subject it was said of diligence, that it "is a matter of law arising out of the facts of the case, which facts must be set out that the court may determine whether they show due diligence or not." *Harrington* v. *Witherow*, 2 Blackf. 37. In a treatise on practice the conclusion deducible from the adjudged cases is thus stated : "The facts constituting the diligence must be shown in support of the motion." 1 Works Pr., section 920.

Where the diligence used is alleged to have consisted in making inquiries, the time, place and circumstances must be stated. The reason for this rule is obvious. The applicant for a new trial must rebut the presumption existing against him, and this he can only do by showing that he made inquiries in the proper quarter and in due season. In speaking of the necessity of showing what inquiries were made and their character, it was said in *Toney* v. *Toney*, 73 Ind. 34, that "The general statements of the appellant in his affidavit, that he had been diligent in making inquiries of such as he deemed likely to know anything in relation to the case, are not sufficient to overcome the manifest presumptions against him, arising out of the suggestions above mentioned." In *Wall* v. *State, ex rel.*, 80 Ind. 146, the allegations were much fuller than those in the complaint before us, and they were held insufficient. So, in *Ragsdale* v. *Matthews, supra*, where the allegations in the complaint were very much stronger than here, it was held that they were insufficient, the court saying : "Conclusions, not facts, are stated. The facts constituting the diligence are not given." The cases elsewhere are even stronger than our own, but we have not time to do more

than refer to a few of the many we have examined. In *Carson* v. *Cross*, 14 Iowa, 463, it was said: "A general allegation that a party used due diligence to obtain testimony is not sufficient. He must show what he did do, that the court may judge of its sufficiency." The statements of the affidavit in *Smith* v. *Williams*, 11 Kan. 104, were much stronger and fuller than those in the present case, but they were held insufficient, the court saying: "All the evidence of diligence presented is the mere allegation in the affidavit that the party made inquiry of every person he thought might know anything about the case, and failed to obtain this evidence, and that he has used due diligence. This is virtually swearing to a conclusion." Of a similar case it was said by another court: "On a question of diligence like this, a party ought to negate every circumstance from which negligence may be inferred." *Crozier* v. *Cooper*, 14 Ill. 139. It was held in *Gregg* v. *Bankhead*, 22 Texas, 245, that in a complaint for a new trial after the term the rule was even more strict than where the application was by motion during the term.

The newly discovered evidence, in order to warrant a new trial, must be of a very material and decisive character. This must appear from the affidavits of the witnesses; it is not sufficient that it is stated in the body of the complaint. The rule is thus stated in a work on practice: "The mere statement of the evidence will usually show whether or not it is material. Where this appears from the evidence alone, it is sufficient. But where it does not so appear on its face, its materiality must be shown. If the evidence shows upon its face to be immaterial, a statement in the motion or affidavits in support thereof, that it is material, will be disregarded." 1 Works Pr., section 921.

The authorities go very far in requiring that the newly discovered evidence must be of a material character; some of them, indeed, go to the length of requiring that it must be such as to make it conclusively appear that if given it would change the result; but this is, perhaps, an extreme view. It

is, however, very firmly settled that the evidence must be of a decisive character, and be such as to make it clearly and fully appear that it would produce a different result. In *Fox* v. *Reynolds*, 24 Ind. 46, it was said: "To authorize a new trial under such circumstances, the newly discovered evidence ought to be very controlling in its character, and free from any legal objection." In *Merryman* v. *Ryan*, 24 Ind. 262, it was held that the evidence was not of sufficient materiality to warrant a new trial, because, as the court said, " The newly discovered evidence was cumulative, and was not the turning point in the case." A text-writer says of such evidence, that it "must be such as ought to be decisive, and productive, on another trial, of an opposite result." Hill. New Trials, 491. In *Southard* v. *Russell*, 16 How. 547, it was said: "The rule, as laid down by Chancellor Kent (3 Johns. (N. Y.) Ch. 124), is, that newly discovered evidence, which goes to impeach the character of witnesses examined in the original suit, or the discovery of cumulative witnesses to a litigated fact, is not sufficient. It must be different, and of a very decided and controlling character. 3 J. J. Marsh. (Ky.) 492; 6 Madd. 127; Story Eq. Pl., section 413. The soundness of this rule is too apparent to require argument, for, if otherwise, there would scarcely be an end to litigation in chancery cases, and a temptation would be held out to tamper with witnesses for the purpose of supplying defects of proof in the original cause." Another court said of such evidence, after characterizing it as cumulative: " But if it were not, we do not think it is so conclusive in its character as to raise a reasonable presumption that the result of a second trial would be different from the first." *Armstrong* v. *Davis*, 41 Cal. 494, see p. 500. The New York rule is thus stated: "A new trial will not be granted unless the newly discovered evidence be so decisive in character that it will be productive, on another trial, of an opposite result." *Schultz* v. *Third Avenue R. R. Co.*, 47 N. Y. Superior Ct. 285. *Starin* v. *Kelly*, 47 N. Y. Superior Ct. 288; *Darbee* v. *Elwood*, 67 Barb. 359; *Fowler* v. *Kelly*, 43

N. Y. Superior Ct. 380. In *Smith* v. *Shultz*, 1 Scammon, 490, S. C., 32 Am. Dec. 1, it was said of the duty of the court: "Nor will it, upon the application of the defendant, afford him an opportunity of introducing newly discovered testimony, which is not conclusive in its character, or is merely cumulative." In some of our decisions the rule is less strongly stated, but all of the cases agree that the newly discovered evidence must be of such a character as to make it obvious that a different result would be produced on another trial, or, as some of them say, "raise a violent presumption" that it would change the result. *Hull* v. *Kirkpatrick*, 4 Ind. 637; *Taylor* v. *State*, 4 Ind. 540; *Rainey* v. *State*, 53 Ind. 278. But, whatever may be the correct form of expressing the rule, it is undoubtedly true, as said in *Swift* v. *Wakeman*, 9 Ind. 552, "In such applications, the party seeking a new trial must make a strong and clear case." We are satisfied that the case before us can not be regarded as a strong and clear one upon the point of the materiality of the newly discovered evidence, even if it were a first application for a new trial on that ground, for the newly discovered evidence is of general admissions, not clearly stated, nor decisive in their effect.

The burden is heavier in such a case as this than where the applicant is for the first time asking a new trial. The law upon this subject is thus clearly stated by an able court: "It will require an extreme case to justify this court in granting a second rule, after the right of a party to a re-trial has been deliberately considered and denied. The newly discovered evidence should not only be so persuasive as to scarcely leave it debatable that the verdict is wrong, but also such evidence as the most careful inquiry and preparation of the case for the trial at the circuit, and for the first rule to show cause, would have failed to bring to the knowledge of the party which seeks to prolong the litigation." *Miller* v. *Ross*, 43 N. J. L. 552. The case in hand is much stronger against the applicant than the one referred to, for here a new trial was once granted him on the ground of newly discovered evidence, a

second verdict rendered against him, and a motion for a new trial overruled.

That a new trial will not be granted to permit the introduction of merely cumulative evidence is too well settled to need the citation of authorities or the discussion of principles. The only question on this branch of the case is, whether the evidence was cumulative. The newly discovered evidence is, as we have seen, that the appellants made verbal admissions regarding the amount of the indebtedness of the partnership in which he had purchased an interest from the appellee. This was, as we have stated, the real point in controversy, and evidence was given upon it by the appellee, and part of that evidence consisted of admissions made by the appellants of a similar import to those set forth in the affidavits filed in this case. There was, therefore, evidence of the same fact, and it was of precisely the same character as that contained in those affidavits. We think it quite clear that the evidence was merely cumulative. Professor Greenleaf defines cumulative evidence thus: "Cumulative evidence is evidence of the same kind, to the same point. Thus, if a fact is attempted to be proved by the verbal admissions of a party, evidence of another verbal admission of the same fact is cumulative." 1 Greenl. Ev., section 2. This definition has been many times approved by this court. *Lefever* v. *Johnson,* 79 Ind. 554; *Shirel* v. *Baxter,* 71 Ind. 352; *Winsett* v. *State,* 57 Ind. 26; *Cox* v. *Harvey,* 53 Ind. 174; *Zouker* v. *Wiest,* 42 Ind. 169. There can be no doubt that this is an accurate definition, for so all the authorities agree. Hill. New Trials, 491, auth. n. *a.*; 3 Graham & W. New Trials, 1052; Hayne New Trials, section 90; Buskirk Pr. 242.

The only possible question is, whether an admission testified to by a different witness, but being of the same class as that to which some of the evidence given on the trial belonged, and tending to prove the same fact as that which the evidence adduced on the trial tended to prove, is or is not cumulative. We think that our own decisions, as well as the de-

cisions of other courts, settle this question against the appellee. In *Cox* v. *Harvey, supra,* the court said: " On the trial, admissions of the defendant were given in evidence by the plaintiff, tending to show that he was liable on the note as one of the firm. The newly discovered evidence consists of other admissions made by the defendant having the same tendency. This is cumulative evidence."

In *Shirel* v. *Baxter, supra,* this language was quoted, approved, and held to be decisive of the case then under examination. The case last referred to is substantially such a case as the present, and is governed by the same general principles, so that these cases are of controlling influence here. The question was presented in *Den* v. *Wintermute,* 13 N. J. (1 Green) 177, where the court, in speaking of newly discovered evidence of admissions, said: " This is what is called cumulative or additional evidence, to fortify a point which has been already tried, in order to make it stronger; which has been repeatedly refused as any ground for a new trial." Quite as strongly in point is the case of *Gans* v. *Harmison,* 44 Wis. 323, where it was said: " The newly discovered evidence consisted, in part, of the alleged admissions of the plaintiff to Whittier and Mason, to the effect that he sold the team to Tuttle. But it is evident that this was strictly cumulative to admissions proven by the witness Madison on the trial."

The only cases cited by the appellee's counsel upon this point are *Lefever* v. *Johnson, supra, Rains* v. *Ballow,* 54 Ind. 79, *Humphreys* v. *Klick,* 49 Ind. 189. The first of these cases is as directly against counsel's contention as a decision could well be, for the rule declared in *Harvey* v. *Cox, supra,* is fully approved, and it was held that admissions, although made to a different witness, were cumulative if of the same class as those proved on the trial. The decision in *Rains* v. *Ballow, supra,* is, that " admissions of a party of a given fact are not cumulative of other evidence tending to prove the same fact," and this is all that is decided in *Humphreys* v. *Klick, supra.* It is evident that these cases are not in point, because the evi-

Hines *et al. v.* Driver.

dence here is of admissions of the same class and to the same fact as those proved on the trial. If there-had been no such admissions proved, then the cases cited would have been in point, for the reason that there would have been no evidence of the class to which the newly discovered evidence belongs. That this is a correct interpretation of the decision in *Humphreys* v. *Klick, supra,* is apparent from an examination of the case of *Humphries* v. *Adm'rs of Marshall,* 12 Ind. 609, where Greenleaf's definition was expressly and fully approved, and WORDEN, J., said that evidence of admissions was not cumulative, because "it was of a totally different kind" from that introduced on the trial, although it went to the same point. Another of the cases cited in *Humphreys* v. *Klick, supra,* is *Zouker* v. *Wiest, supra,* where there is a like approval of Greenleaf's rule, and the court held, where the plaintiff himself had testified as to admissions, that evidence of similar admissions, although made to other parties, was merely cumulative. But the language of the decision in *Humphreys* v. *Klick, supra,* is itself sufficient to show that it does not support appellee's contention, for it was there said: "The evidence, although directed to the same point as that of Humphreys on the former trial, in respect to the point that he was not to sue on the note, is altogether different in kind. It is, therefore, not cumulative merely." In *Kochel* v. *Bartlett,* 88 Ind. 237, Greenleaf's rule was again approved, and it was held that the newly discovered evidence was not cumulative, for the reason, as the court said, "If the newly discovered evidence had been produced at the trial, it would have tended to prove the same substantial facts as those to which the testimony of all the other witnesses for the plaintiff was directed, but in a materially different way." We have shown that throughout all our cases one controlling principle runs, and that is, that evidence of the same kind to the same point is cumulative, and evidence of verbal admissions is of the same kind when other verbal admissions to the same point were proved on the trial, but

that evidence to the same point is not cumulative where it is of a different kind or class.

Judgment reversed, with instructions to sustain the demurrer to the complaint.

Filed Feb. 12, 1885.