Cooper v. Ellis, Administrator.

Filed Dec. 8, 1891.

---

No. 257.

COOPER v. ELLIS, ADMINISTRATOR.

EVIDENCE.— When Cumulative.—Verbal Admission.—Cumulative evidence is evidence of the same kind or class upon the same point. If it is of a different kind, although upon the same issue, or of the same kind upon a different issue, it is not cumulative. If verbal admissions have been testified to, other verbal admissions tending to establish the same question are cumulative.

From the Howard Circuit Court.

D. A. Woods, M. Bell and W. C. Purdum, for appellant.

J. W. Cooper, B. F. Harness, J. O'Brien and C. C. Shirley, for appellee.

CRUMPACKER, J.—Cooper filed a claim against the estate of Orrin Ellis, deceased, consisting of an account and four notes. One of the notes was for the sum of $232, and was

dated March 12th, 1887. It purported to have been signed by the deceased by mark.

The cause was tried by a jury, and this note was disallowed.

The only question presented by the appeal relates to the alleged error of the court in refusing the appellant a new trial for newly discovered evidence. Counsel discuss the weight of the evidence introduced only for the purpose of showing the probable effect of the new evidence if it were heard upon another trial.

No brief has been filed upon behalf of the appellee, but we are informed by counsel for appellant that the application for a new trial was refused solely upon the ground that the alleged new evidence was cumulative.

The question at issue was the execution of the note in controversy.

Appellant insisted that a note was originally given for $200 loaned by him to the deceased, and that the note in suit was a renewal of the original note with two years' interest added to it.

A witness testified at the trial on behalf of the appellant to a conversation he had with the deceased in the latter part of the winter or early part of the spring of 1887, in which the deceased admitted to the witness that he owed the appellant two hundred dollars and interest, and that he was unable to pay it, but intended to renew the note and obtain further time.

This was the only evidence of an admission by the deceased of the existence of the note or the indebtedness.

The newly-discovered evidence consisted of a conversation between the deceased and one Ritchie in the presence of two other persons in August, 1887, in which the former stated that he owed a note held by the appellant for substantially the amount in controversy, which would be due in the spring of 1888. The conversation, if it occurred, related to the controverted note, which was payable one year from date.

All three of the witnesses to the latter conversation made affidavits of its occurrence, and agree substantially upon its character.

Cumulative evidence is evidence of the same kind or class upon the same point. If it is of a different kind, although upon the same issue, or of the same kind upon a different issue, it is not cumulative.

If verbal admissions have been testified to, other verbal admissions tending to establish the same question are cumulative. *Marshall* v. *Mathers*, 103 Ind. 458; *Hines* v. *Driver*, 100 Ind. 315; *Cox* v. *Harvey*, 53 Ind. 174; 1 Greenl. Ev., section 2.

The evidence of the witness who testified at the trial was of an admission by the decedent of the existence of the debt and his intention to renew the note, and its effect was to establish the genuineness of the note in question. The statement of the newly-discovered witnesses was an admission by the decedent of his indebtedness, and that it would be due in the spring of 1888. The legal effect of this evidence was that it tended to prove the execution of the note. Thus both alleged admissions were upon the same point. They were not precisely alike, but were both verbal admissions, and belonged to the same class or kind of evidence.

The case of *Hines* v. *Driver*, *supra*, contains a very exhaustive discussion of this subject, and following the rules laid down in that case we are constrained to hold the new evidence merely cumulative.

The judgment is affirmed.

Filed Dec. 10, 1891.