The State, *ex rel.* Meenach, *v.* Taylor.

Filed March 30, 1892.

---

No. 602.

## The State, ex rel. Meenach, v. Taylor.

BASTARDY.—*Evidence.—Relevancy of.—Exclusion of.—Reversible Error.*—In an action for bastardy, where the defendant had testified that he was absent from the town where the child was begotten from the 3d to the 18th of a certain month, covering the time within which the child was said to have been begotten, it was proper for the plaintiff, on rebuttal, to prove that the defendant was in said town on the tenth of said month, said evidence tending to weaken the foundation of his *alibi*.

From the Boone Circuit Court.

*C. M. Zion*, *S. M. Ralston* and *M. Keefer*, for appellant.

BLACK, J.—This was a prosecution for bastardy. In the

circuit court, upon trial by jury, a verdict for the appellee was returned, upon which judgment was rendered, the appellant's motion for a new trial having been overruled.

On the trial, the relatrix testified that the child was begotten by the appellee along about the 17th of February, 1888, at night, in the city of Lebanon, Indiana.

The appellee testified, in his own behalf, that he did not have sexual intercourse with the relatrix on the 17th of February, 1888; that at that time he was working on a railroad, in charge of a construction train, at Cicero bridge, about twenty-three miles from Lebanon; that he left Lebanon on the 3d of February, 1888, and that from that date until the 18th of the same month he was not in Lebanon.

On cross-examination he testified that he was not in Lebanon on the night of the 10th of February, 1888, and did not accompany Nora Woods home from a designated church in that town that night.

After the close of the appellee's evidence, Nora Woods, testifying as a witness for the appellant, was asked by counsel for the appellant to state whether or not the appellee accompanied her home from said church in Lebanon on the evening of the 10th of February, 1888? The appellee objected; whereupon the appellant offered to prove by the witness that the appellee was at Lebanon, Indiana, on the evening of the 10th of February, 1888, and accompanied the witness home from said church, but the court sustained the appellee's objection.

We have not received a brief from the appellee, but the specific objection stated in his behalf in the court below was, that the proposed evidence was not properly rebuttal evidence, and, if competent at all, would be evidence in chief.

Evidence relating to the defence of an *alibi* properly came first from the defendant, after the plaintiff had rested. In the presentation of the plaintiff's case in chief, while it would have been competent and proper to show the previous association of the defendant with the relatrix (*Marks* v. *State, ex*

*rel.*, 101 Ind. 353), evidence of his presence in Lebanon on the 10th of February, alone or in company with another woman, would not have been cumulative evidence in support of the appellant's case in chief.

The appellee, in making his defence of an *alibi*, for the purpose of showing his absence from Lebanon "along about" the 17th of February, testified to his departure from that place on the 3d of that month, and his employment at another place from that date till after the time when the child was begotten, as indicated by the appellant's evidence. He proceeded upon a definite theory. He built up the structure of an *alibi* from certain alleged continuing circumstances. The rejected evidence tended to throw doubt upon the conclusion that he was absent about the 17th of February, by weakening the force of the story of the pretended absence from the 3d to the 18th of February.

The fact of his presence at another place about the 17th of February was relevant to the issue. Cicero Bridge was not so far distant from Lebanon that he could not easily have gone from the latter place to the former in less time than the interval between the 10th and the 17th of February. It might be said, therefore, that the proposed evidence that he was at Lebanon on the evening of the 10th would not of itself be relevant to the question whether or not he was at Cicero Bridge on the 17th. But the proposed evidence was admissible if it tended to make improbable any relevant fact in evidence which was inconsistent with the alleged fact on which the appellant depended for recovery. Evidence that the appellee was in Lebanon on the evening of the 10th of February would tend to neutralize the effect of the testimony of the appellee. It would tend to show the weight and value to be given to his testimony. *Whitney* v. *City of Boston*, 98 Mass. 312.

It did not merely tend to contradict the answer made by the appellee on cross-examination, but it also tended to contradict his story, given in his examination in chief, that he

had been absent from Lebanon, engaged at Cicero Bridge, from the 3d to the 18th of February. His account of his absence during a period covering the time when the child was said to have been begotten is to be treated as a connected and entire narrative relevant to the issue. The proposed evidence tended to weaken the foundation of the *alibi*, and its rejection was error.

The judgment is reversed, and the cause is remanded for a new trial.

