No. 491.

## RICHTER v. MEYERS.

DAMAGES.— *Breach of Contract.*— *Complaint.*— *Sufficiency of.*— *Measure of Damagees.*—In an action for breach of contract, a complaint which states facts sufficient to entitle the plaintiff to nominal damages is sufficient to withstand a demurrer, and the measure of damages is the difference between the actual cost and the contract price.

NEW TRIAL.— *Newly-Discovered Evidence.*— *When Sufficient Ground for a New Trial.*—Newly-discovered evidence, to be a ground for a new trial, must be such as could not with reasonable diligence have been produced in the previous trial, and must not be cumulative evidence.

From the Marion Superior Court.

*B. Davis* and *W. H. Martz*, for appellant.

*J. A. Pritchard* and *H. T. Tincher*, for appellee.

CRUMPACKER, J.—This action was brought by Meyers against Richter to recover damages for breach of contract. The complaint alleges that the defendant contracted with the State to construct a new building in connection with the Deaf and Dumb Institution, and he entered into a contract with the plaintiff by the terms of which the latter agreed and undertook to make the necessary excavations for such building for the sum of six hundred dollars; that plaintiff procured the necessary implements and assistance to do such work, and was ready to undertake the execution thereof according to the terms of the contract, but the defendant, without sufficient cause, abandoned said contract, and refused to permit plaintiff to execute such work or any part thereof; that "by reason of the defendant's wilful abandonment of his said contract with plaintiff, so done without any good or sufficient cause whatever, he, this plaintiff, has been damaged in the sum of three hundred dollars, the difference between the actual cost of the said work and this plaintiff's contract price with said defendant." Wherefore judgment is prayed.

A demurrer to the complaint was overruled, and the cause, being put at issue, was tried by a jury, and resulted in a verdict in favor of plaintiff for three hundred dollars. Judgment was rendered upon the verdict, and the defendant appeals.

The first question for decision relates to the ruling of the court upon the demurrer to the complaint. The only objection urged against the complaint is that it does not allege the damages with sufficient particularity. There is no merit in the ground of objection. If it were necessary to allege damages specially, and if the complaint were deficient in that respect, it shows such a breach of contract as would entitle the appellee to nominal damages, and that is sufficient to resist a demurrer.

But the damages claimed in the complaint are not special, but are the direct and necessary result of the breach of contract counted upon, and do not need to be specially alleged.

For the breach of a contract like the one under consideration the general damages are measured by subtracting the actual cost of the undertaking from the contract price. *Dunn v. Johnson*, 33 Ind. 54; *Fairfield v. Jeffreys*, 68 Ind. 578.

It was said by the court in *Hadley v. Prather*, 64 Ind. 137: "It is the rule, that, in cases of executory contracts, like the one under discussion, such damages as naturally result from the breach of the contract are presumed to have accrued to the injured party, and may be recovered under a general allegation of damages in the complaint, and that the measure of damages in such cases should be the difference between the contract price of the work to be done and the reasonable cost of the work at the usual and ordinary prices."

The demurrer was correctly overruled.

It is next contended that the court erred in refusing appellant a new trial. Newly-discovered evidence is the only assignment in the motion urged by counsel. Affidavits in support of the motion disclose that appellant discovered the

new evidence after the trial, that it consisted of the testimony of two witnesses to conversations between appellant and appellee respecting the contract sued upon. One of the witnesses was present at one of the conversations, and her presence was known by appellant, but he did not call her at the other trial, because he had forgotten her presence, and did not seek to ascertain whether she knew any thing about the case, because his relations with her were unfriendly. This was no excuse for his failure to make inquiry, but, on the contrary, disclosed an inexcusable lack of diligence. *Bowman* v. *Clemmer*, 50 Ind. 10.

The facts to which the other witness would have testified had he been present were testified to by appellant, so the evidence would have been cumulative. Cumulative evidence is the same kind, upon the same point as other evidence introduced, and a new trial will not be granted to permit its introduction. *Hines* v. *Driver*, 100 Ind. 315; *Cooper* v. *Ellis*, 3 Ind. App. 142.

Furthermore, the only showing of diligence to discover the evidence before the trial was a statement in appellant's affidavit that he inquired diligently " of every person to him known who he had reason to believe knew of the facts in said cause." The law requires that the utmost diligence shall be exercised in preparing for trial, and views with disfavor applications for a new trial on the ground of newly-discovered evidence. The interests of public policy demand that when a cause has once been fairly tried, and a reasonable opportunity afforded the parties to present their evidence, it shall remain forever at repose.

There are cases in which great injustice might result, however, if a party should be denied the benefit of newly-discovered evidence, but in all such cases the applicant must make out a clear case of diligence, and show particularly that he made all reasonable efforts to discover the evidence before the trial or he will be denied relief. It is not sufficient to say generally that he made inquiry of all whom he

had reason to believe knew anything about the controversy. *State, ex rel.,* v. *Taylor,* 4 Ind. App. 296.

The judgment is affirmed.

Filed June 8, 1892.