## DURHAM FERTILIZER CO. v. PAGETT.

1. CONTRACT—STATUTORY ILLEGALITY—PLEA.—In an action on a note given for the purchase money of commercial fertilizers, if the defendant wishes to rely on a non-compliance with the law that regulates the sale of this article, he should specially plead by answer the illegality of the sale.

2. SALE OF FERTILIZERS—BRAND—CHARGE TO JURY.—In this action, there was evidence by plaintiff's witness to show that all the requirements of the law had been complied with in branding the sacks of guano, except that there was no testimony that the date was stamped, which is one of the particulars specified in the statute. The burden of proof rested upon defendant to show that the date was not branded; and the trial judge did not err in saying to the jury: "I do not think that the mere absence of the date of the analysis would so far invalidate the contract as to prevent the plaintiff from recovering in this action," where he further charged that it was for the jury to say whether all the requirements of the statute had been complied with and that if not, the sale was illegal and void, and the verdict must be for defendant.

3. IBID.—IBID.—IBID.—In charging that the results of a crop are not conclusive evidence that the fertilizer used thereon was worthless, as the results of a crop also depend upon the nature of the soil, the seasons, the labor, and the application, the judge did not charge upon the facts.

Before IZLAR, J., Richland, April, 1892.

This was an action by the Durham Fertilizer Company against

J. N. Pagett, commenced in January, 1892. The judge charged the jury as follows:

*Mr. Foreman and gentlemen of the jury:* The plaintiff, the Durham Fertilizer Company, brings this action against J. N. Pagett, the defendant, to recover the sum of $723.84 on a promissory note alleged to have been executed by the defendant. The defendant denies the execution of the note, and, in addition, sets up as a further defence, that the note was given for twenty-four tons of Durham fertilizer; that this fertilizer was worthless, and consequently the consideration of the note has failed, and that, therefore, the plaintiff is entitled to nothing. There is no question in this case as to what the consideration of the note was—both sides agree that the note was given for twenty-four tons of Durham fertilizer. If there was nothing more in the case than that, why, your duty would be very simple and very easy. The defendant, however, contends, in the first instance, that the laws of South Carolina prescribed certain requirements in regard to fertilizers sold and delivered in this State; that these requirements of the statute have not been complied with, and, not having been complied with, the contract was illegal and void, and that the plaintiff cannot recover.

Now, the statute in this State requires that every bag, barrel, or other package offered for sale, or delivered after sale, in this State, of fertilizer, shall have thereon a plainly printed label or stamp which shall truly set forth the following facts: First, the name, location, and trade-mark of the manufacturer; second, the chemical composition of the contents of such package; third, the real per centage of the ingredients; fourth, the date of the analysis; and fifth, and lastly, that the privilege tax has been paid. If these requirements of the statute were not complied with, the contract was illegal and void, and the plaintiff could not recover in this action; but, at the same time, I charge you that the most important requirements of the statute would be complied with if the label or stamp contained the name, location, and trade-mark of the manufacturer, the chemical composition of the contents of such package, and the real per centage of the ingredients. I do not think that the mere absence

of the date of the analysis would so far invalidate the contract as to prevent the plaintiff from recovering in this action.

The question, whether these requirements of the statute have been complied with, is a question of fact, to be determined by you from the testimony; and here I would say, that you are to determine all the facts arising in this case; it is peculiarly your province, a province which the court cannot invade, and I do not desire that you should, in your consideration, take anything I may say in my charge to you as intimating any opinion whatever in regard to the facts of this case; you are to be the sole judges of the facts, and in determining the facts, you are to determine them by the preponderance of the evidence. If you conclude from the testimony that the requirements of the statute were not complied with in this case, then I charge you that the contract sued upon in this case was illegal and void, and the plaintiff cannot recover; but if, on the other hand, you conclude from the testimony that the requirements were complied with, then the contract is not illegal and void, and your verdict will be for the plaintiff, unless the testimony should satisfy you that the fertilizer sold on this occasion was utterly worthless, or partially so.

Now, as to the warranty in this case. Where the fertilizer company places upon the bag or label the requirements of the statute, there is an express guarantee that that fertilizer contains the ingredients therein named and all the per centage thereon printed; and if it should appear from the preponderance of the evidence, that the fertilizer did not contain the per centage of the ingredients, and was not composed of the particular compounds therein stated, and it proved worthless as a fertilizer, why, the party could not recover, because the consideration would have failed in that instance; and the plaintiff, under those circumstances, could take nothing by his action. But, at the same time, the plaintiff, where he makes this guarantee, does not guarantee the results that this particular fertilizer will produce good crops.

If you, in your consideration of this case, should come to the conclusion that these endorsements were upon the bag, printed upon it, that they were there, but that the fertilizer did not

contain these particular chemical properties and per centage, as therein stated, and that, therefore, it was a worthless fertilizer, then I charge you that the plaintiff in this action could not recover, because the consideration of the note would have failed; and I charge you further, that the results of this crop cannot be taken by you as conclusive evidence of the fact, that this fertilizer was a worthless fertilizer. While it might have contained the analysis placed upon the bag, the result of the crop depends upon various other matters; it depends upon the nature of the soil in which it is placed; it depends upon the season and the manner of working the crop; whether the fertilizer has been judiciously and properly applied; all these things come in. If the fertilizer contained the ingredients named upon the bag, and was a good fertilizer, yet if, by the injudicious application, or from an unfavorable season, or not being adapted to the nature of the particular soil in which it was placed, and that that was the cause of the failure of the crop, and not the fertilizer itself, why, the plaintiff would be entitled to recover in this action, because he wouldn't be responsible for these results.

So that the main question for your consideration, then, is whether, in the first instance, this fertilizer contained the ingredients and per centages which it was represented to contain, and whether it was a good fertilizer. If you come to the conclusion that it was, why, your verdict should be for the plaintiff for the amount of this note, together with interest upon it. You should calculate the interest upon the note, and add it to the principal, and find your verdict in a total sum for the full amount of the note, principal and interest. If, on the other hand, you come to the conclusion that this fertilizer was not what it was represented to be, was not compounded of the material which it was represented to be compounded of, and that it didn't contain the per centage of ammonia and bone phosphate that it was represented to contain, and was, therefore, a worthless fertilizer, or that it was not a fertilizer at all, why, of course, the consideration of this note would fail, and the defendant would be entitled to a verdict at your hands.

Verdict and judgment for plaintiff, and defendant appealed.

*Mr. John T. Sloan, jr.,* for appellant.

*Mr. Joseph W. Muller,* contra.

April 10, 1893.   The opinion of the court was delivered by

MR. JUSTICE McGOWAN.   This action was brought by the Durham Fertilizer Company, a corporation of North Carolina, against J. N. Pagett, upon a promissory note, of date May 1, 1891, for the sum of $723.84, executed by the said Pagett, and payable to the order of the company, on November 1, 1891. The note was given for twenty-four (24) tons of a fertilizer known as "Peruvian Substitute." The defendant in his answer denied the "incorporation" of the plaintiffs, and each and every other allegation of the complaint; and for a second defence pleaded failure of consideration of the note sued on. The cause came on for trial before Judge Izlar and a jury; and after much testimony was heard *pro and con,* upon the only issue made by the pleadings, viz: the character and value of the article purchased, as a fertilizer, the jury found a verdict for the plaintiff for the full amount of the note and interest.

The defendant appeals to this court upon six exceptions, of which the two last are abandoned, leaving four, as follows: 1. Because his honor erred in charging the jury, that the most important requirements of the statute would be complied with, if the label or stamp contained the name, location and trademark of the manufacturer, the chemical composition of the contents of such package, and the real per centage of the ingredients.   2. Because his honor erred in charging the jury, that he did not think the mere absence of the date of the analysis would so far invalidate the contract as to prevent the plaintiff from recovering in this action.   3. Because his honor erred in charging the jury, that the results of the crop of the defendant could not be taken by them as "conclusive evidence" of the fact that this fertilizer was a worthless article.   4. Because his honor erred in charging the jury, that while the fertilizer might have contained the analysis placed upon

10—39

the bag, the result of the crop depended upon the nature of the soil in which it was placed; that it depended upon the season, the manner of working the crop, and that the fertilizer had been judiciously and properly applied. The fifth and sixth exceptions, as to partial or total failure of consideration, were very properly abandoned at the hearing.

Exceptions 1 and 2, in reference to the alleged illegality of the contract, may be considered together. The note sued on, upon its face, was in the usual form, without indicating what it was given for. The defence set up was, not that the note was void as being against public policy or positive law, but that the consideration was for so much of a commercial fertilizer, a legitimate subject of sale and purchase. Failure of consideration was the only issue made by the pleadings. It is true, that there are acts of the legislature which make it a misdemeanor for any one to violate the provisions of section 596 of the General Statutes, requiring that "every bag, barrel, or other package of such fertilizers as above designated, offered for sale or delivered after sale, shall have thereon a plainly printed label or stamp, which shall set forth, first, the name, location and trade-mark of the manufacturer; second, the chemical contents of such package; third, the real per centage of the ingredients; fourth, the date of the analysis; and fifth, that the privilege tax has been paid." This court has held that a contract which violates these provisions is void and can not be recovered, &c. *McConnell* v. *Kitchens*, 20 S. C., 430. We incline to think, however, that the charge of illegality, in omitting the particulars indicated in the statute above referred to, should be pleaded specially, and notice thereby given to the plaintiff, before evidence upon the subject is admissible. See 7 Wait Act. and Def., page 70, and notes; *Dudley* v. *Odum*, 5 S. C., 134.

But it is argued that testimony upon this subject was admitted on the trial below without objection, which made it competent testimony, so far, at least, as this case is concerned. Suppose we take that view of it; how does the matter stand? What evidence was there as to the illegality of the transaction at the trial below? The defendant himself testified in the

case, and neither he nor any of his witnesses made any reference to the subject whatever. The only evidence relied on as tending to show that the requirements of the statute were not complied with, was the evidence of S. A. Carr, the secretary and treasurer of the plaintiff company, brought out on the cross and redirect examination. The witness on his cross-examination did say that the only thing on the tag was that the privilege tax had been paid; but in answer to a question by the court, he said that the analysis was branded on the bag; and on the redirect examination he said that, according to the requirements of the statute, he put on the tag the privilege tax, and the other things are stamped on the sack. And again, in answer to direct questions by the court and the counsel for the plaintiff, he said: "the brand, full brand, on the sack, with the analysis and the name of the company, brand of guano and the guaranty." The direct question whether or not the date of the analysis was branded on the bag, was not asked the witness, and yet this is the only testimony relied on to prove that the requirements of the statute were not complied with— in this, that there was no express evidence that the date of the analysis was branded on the sack.

It seems to us, however, that the *onus* was upon the defendant, especially after all the other requirements were shown by express proof to have been complied with, to show that the date was not on the sacks, which was not done. "Illegality of a contract can not be inferred; the burden is on the party making the objection, to establish it clearly." Chit. Con., 659. What the judge said in reference to the probable effect, if the date alone were missing, was merely hypothetical, and really did not indicate his opinion on the subject. He left the question fairly to the jury, as follows: "The question whether these requirements of the statute have been complied with, is a question of fact to be determined by you from the testimony. And here I would say, that you are to determine all the facts arising in this case; it is peculiarly your province, a province which the court can not invade, and I do not desire that you should, in your consideration, take any thing I may say in my charge to you as intimating any opinion whatever in regard to the

facts of the case. You are to be the sole judges of the facts; and in determining the facts you are to determine them by the preponderance of the testimony. If you conclude from the testimony that the requirements of the statute were not complied with in this case, then I charge you that the contract sued upon was illegal and void, and the plaintiff can not recover; but if, on the other hand, you conclude from the testimony that the requirements were complied with, then the contract is not illegal and void, and your verdict will be for the plaintiff, unless the testimony should satisfy you that the fertilizer sold. on this occasion was utterly worthless or partially so," &c. We can see no error here.

Exceptions 3 and 4 complain that the judge so charged upon the facts as to violate section 26, article IV., of the Constitution, which declares that "judges shall not charge juries in respect to matters of fact, but may state the evidence and declare the law." We have often had occasion to say, that the duty imposed by this provision of the Constitution is a difficult one, principally on account of the vague and undefined character of the inhibition. The nearest approach to a rule upon the subject is, we think, in the case of *State* v. *White*, 15 S. C., 392, where the present Chief Justice said: "While the judge is not expected to confine himself to a mere statement or repetition of the testimony as it was delivered, but may place it before the jury in the order in which it relates to the propositions which it is adduced to support or contradict, by pointing out the questions of fact which arise, and calling the attention of the jury to the evidence applicable to such questions, yet he should carefully avoid expressing any opinion which he may have formed from the facts, leaving for the jury to draw their own conclusions, unbiased by any impression which the testimony may have made upon the mind of the judge," &c.

The charge complained of in this case was as follows: "I charge you that the results of the crop can not be taken by you as conclusive evidence that this fertilizer was worthless. Whilst it might have contained the analysis placed upon the bag, the results of the crops depend upon various other matters—upon the nature of the soil, the seasons and the working of the crop,

whether the fertilizer has been judiciously or properly applied; *all these things came in,"* &c.    Was this such a charge "in respect of matters of fact," as to be within the inhibition of the Constitution?    We can not think so.    The testimony as to the crop made was not excluded; but the jury were informed that it was not conclusive upon the question whether the fertilizer was worthless; that there were other matters which had influence upon the crop yielded, which should also "come in" and be considered.    That statement was undoubtedly true, and it seems to us that, in the interest of justice, it was not improper that it should be stated to the jury.    As we understand, it was not "in respect to matters of fact" proved in the case, but more in the nature of a ruling of law as to the relevancy and admissibility of evidence; or, as was said by the Justice in the case of White, *supra,* "pointing out the questions of fact which arise, and calling the attention of the jury to the evidence applicable to such questions."    Most certainly there was nothing in the charge expressing or indicating in the remotest manner any opinion which the judge may have formed from the facts, "but leaving it for the jury to draw their own conclusions, unbiased by any impression which the testimony may have made upon the mind of the judge." (See the charge as a whole.)

The judgment of this court is, that the judgment of the Circuit Court be affirmed.