## STATE v. DE MARIAS.

Defendant having been convicted of statutory rape on a female under 18 years, the issue being on the age of the female in November, 1908, moved for a new trial on the ground of newly discovered evidence that she was over 18 at that time. He produced affidavits of two clergymen, one of them related to the family, who swore that he was present at the baptism of the prosecutrix in June, 1891, and that she could then talk some and walk unaided, and that she appeared about a year old. The other swore that he performed the ceremony and made the same statements as to prosecutrix' apparent age, and that he entered the baptism on the church record at the time. The first affiant stated that he had that record and would produce it. Both swore that they neither of them mentioned the baptism to any one till after the conviction of defendant, and never talked at all with defendant or his attorney before the trial. Defendant swore that he knew nothing of these facts, or that prosecutrix was connected with any church. Defendant's attorney swore that he talked with a number of persons prior to the trial, but that all the witnesses he could find as to the age of prosecutrix were present at the trial. **Held,** that there was no lack of diligence in failing to discover and produce the evidence at the trial.

**Held,** also, that the evidence offered was not cumulative, within the rule denying a new trial for newly discovered evidence when merely cumulative; no evidence as to the baptism of prosecutrix having been given at the trial.

Cumulative evidence, within the rule excluding it when offered as newly discovered evidence as ground for new trial, is additional evidence in support of the same point, which is of the same character with evidence already produced, and if it is of a different kind upon the same issues, or of the same kind upon a different issue, it is not cumulative.

On motion for new trial by one convicted of statutory rape on a female of less than 18 years, the issue being as to her age, newly discovered evidence on that point **held** to require a new trial.

In a prosecution for statutory rape of a female under 18, a memorandum purporting to state the names, age, and sex of the prosecuting witness' family as given to a third person by her father,

who was still living at the time of trial, some time in 1894, is incompetent to show her age when the offense was committed.

(Opinion filed April 3, 1911.)

Appeal from Circuit Court, Roberts County. Hon. FRANK McNULTY, Judge.

John De Marias was convicted of statutory rape, and he appeals. Reversed, and new trial ordered.

*J. O. Andrews* and *Howard G. Fuller,* for appellant.

In a prosecution for rape upon a female under age, where the witnesses are Indians testifying through interpreters and the testimony of prosecutrix, her mother and father, is inconsistent and conflicting upon the question of her age and all testimony on the subject inconclusive and unsatisfactory, a motion for new trial should be granted upon the ground of newly discovered evidence consisting of the corroborated testimony of a minister who preformed the baptismal ceremony of prosecutrix. This evidence is not cumulative within the rule. Spelling's New Trial and Appellate Practice, Vol. 1, Sec. 225; Kring v. New York R. R., 60 N. Y. Supp. 1114; Keister v. Rankin, 54 N. Y. Supp. 247; German Nat. Bk. v. Edwards, 63 Neb. 604; Vollkommer v. Nassau Electric R. Co., 48 N. Y. Supp. 372; Stackpole v. Perkins, 85 Me. 298; Winfield Bldg. & Loan Ass'n. v. McMullen, 59 Kan. 493; Loucks v. Lightener, (Pa. Com. P.) 11 York Leg. Rec. 157.

*Royal C. Johnson, Atty Gen., M. Harry O'Brien, Asst. Atty. Gen., J. J. Batterton, State's Atty.,* for State.

The trial court is the logical tribunal for the consideration of an application for a new trial, and that its ruling will not be reversed except for the most cogent reasons, and where the most flagrant abuse of discretion has been exercised by the trial court. A great number of cases might be cited in support of this well established doctrine, among which are: State v. Barnes, (S. D.) 129 N. W. 116; Jones v. Jones, 17 S. D. 256; Axiom Mining Co. v. White, 10 S. D. 198; Polk v. Cary, 17 S. D. 336; Caulfield v. Boyle, 2 Dak. 464; Kunz v. Dineen, 18 S. D. 262; Feldman v. Trumbower, 7 S. D. 408; Evenson v. Webster, 5 S. D. 266; Clifford v. Latham, 19 S. D. 376.

SMITH, P. J.   Defendant was convicted in the circuit court of Roberts county on January 4, 1910, upon information charging the crime of statutory rape.   This appeal is from an order overruling a motion for a new trial on the ground of newly discovered evidence.   The motion alleges newly discovered evidence material to the defendant, which he could not with reasonable diligence have discovered and produced at the trial.

At the trial the act was admitted by the accused.   The sole issue was as to the age of the prosecuting witness, who was alleged to be under the age of 18 years.   The crime was charged to have been committed on, to-wit, the 16th day of November, 1908. At the trial Cora Johnson, the prosecuting witness, testified she was 17 years old the 27th day of June, 1908; David Johnson, her father, testified that she was born in 1892, and was 18 years old at the time of the trial; George Johnson, her brother, that she was born after the opening of the reservation in 1892; Mary Johnson, her mother, that Cora was 16 years old at the time of the trial; that she was born the same year the reservation was opened.   A number of witnesses called on behalf of defendant testified to the effect that the prosecuting witness was more than 18 years old at the time of the alleged offense.   Numerous discrepancies appear in the testimony of the witnesses, both of the state and of the accused.

Upon this state of the record the accused, on the 4th day of February, 1910, presented his motion for a new trial on the ground of newly discovered evidence, based upon a number of affidavits, in substance as follows:   David J. Robertson swore that he was a resident of Roberts county; lived on the Sisseton or Lake Traverse reservation for more than 25 years; reads, writes, and speaks both the English and Dakota languages; is a minister of and connected with the Episcopal church and mission work, in charge of the Episcopal mission, near Lake Traverse, on the Dakota side of the lake; that he was well acquainted with David Johnson and his family and the daughter, Cora, whom he has known nearly all her life; that the family are related to affiant; that on June 14, 1891, said Cora Johnson was brought to the

mission church by her parents for baptism; that Rev. John Robinson of Sisseton Agency, who presided over all the Episcopal missions of this reservation, was at the mission church on that day, and performed the rites and ceremonies in the baptism of Cora Johnson, and recorded the fact in a book kept for that purpose, and also the date of baptism, and the name of the person baptized; that the English name entered in said record was Cora Johnson, and the date was June 14, 1891; that aside from the entry in said book affiant has independent recollection of said baptism; that Cora Johnson at that time was a little girl of considerable size, learning to talk, and could walk unaided, and that in his opinion she was about one year old at that time; that affiant was not at the trial in the month of January, but afterwards heard that the accused was found guilty by the jury, and was convicted because Cora was under 18 years of age at the time of the act in November, 1908; that affiant believed there must be some mistake, because he knew that Cora Johnson was more than 18 years of age at the time of the act in November, 1908, and so informed some persons; that prior to said trial he had not talked with defendant or his attorneys about this matter, and did not know exactly what the trouble was between Cora Johnson and the defendant, and hence had not disclosed his knowledge of said facts to any one before the trial and verdict; that affiant has the book of record of the baptism, and can produce it, and will do so if a new trial is granted.

The affiant, John Robinson, swears that he is a minister of the gospel and has charge of the Episcopal mission and church, and has presided over said mission for more than 28 years last past. The further allegations in his affidavit are exactly and precisely corroborative of the statements of David J. Robertson in all respects, and he also swears that he did not mention to any person the fact of said baptism prior to the trial of the accused, and that he never talked with defendant or his attorneys, or said anything about the baptism until about the latter part of January, 1910, when he mentioned the facts to, or in the presence of, one John Jacobson.

The affidavit of David Johnson, father of Cora, was also pre-
sented, containing statements of facts tending to show that his
testimony as to his daughter's age at the trial was given under a
misapprehension or mistake in the true dates.

The affidavit of one Joseph R. Brown, sworn on behalf of the
state at the trial, was also presented, containing allegations of a
similar character.

The affidavit of the accused is to the effect that since his
trial he has discovered the evidence of these various witnesses,
and that he could not with reasonable diligence have discovered
and produced the same at the trial; that his knowledge of the
newly discovered evidence was derived from people talking about
the case after the trial in discussing Cora's age, and that prior to
the trial affiant did not know that Cora had ever been baptized,
or with what church, if any, she had ever affiliated; that affiant
was unacquainted with the English language; that at the trial he
did procure four witnesses who claimed to know the age of Cora,
and who testified at the trial; that affiant did not know that Rev.
John Robinson or Rev. David J. Robertson knew anything about
the age of the prosecuting witness, and that affiant's knowledge of
the baptism and of the baptismal record came from a chance re-
mark by said Robinson made subsequent to the trial.

In addition to these affidavits is the affidavit of J. O. And-
drews, who acted as attorney in defense of accused at the trial, to
the effect that in preparing the defense of the accused, he talked
with very many persons as to the age of Cora Johnson before the
trial, but was not able to find any persons who knew her age,
except the four witnesses who testified at the trial, and that it was
not until after the trial, when people began to talk about the age
of the prosecuting witness, that he learned of sources from which
this material evidence could be obtained.

The affidavit of Louis Abraham stated that prior to the year
1891 he made his home with the family of David Johnson; that
he knew Cora, and that she was born near Santee, in Nebraska,
"on or about the month of November, 1889"; that thereafter
David Johnson and family, including Cora and affiant, all moved

to Roberts county together; that he did not mention his knowledge of these facts to the accused or his attorneys until after the trial, and did nothing to bring to the attention of the accused or his attorneys his knowledge of the age of Cora. The motion for a new trial was overruled February 4, 1910, and an appeal perfected to this court.

Respondent contends that the trial court committed no error in overruling appelant's motion for two reasons: First, that appellant has not shown due diligence in attempting to discover and procure the alleged newly discovered evidence; and, second, that the alleged newly discovered evidence is cumulative in character. None of the facts alleged in the affidavits for a new trial are disputed or in any manner controverted by the state.

As to respondent's first contention, that the accused has not shown due diligence in his efforts to discover and produce the newly discovered evidence, it is sufficient to say that the facts and circumstances disclosed by the record and by the various affidavits on the motion for a new trial satisfy us that the accused was not remiss in his duty, nor negligent in failing to discover and produce this evidence at the trial.

We are also of the opinion that the newly discovered evidence is not cumulative within the rule which warrants the denial of a new trial for merely cumulative evidence. Cumulative evidence is usually defined to be "additional evidence to support the same point, and which is of the same character with evidence already produced." It is held, however, that if evidence is dissimilar to the previous evidence it is not cumulative. If similar, it is cumulative. Grogan v. Chesapeake & Ohio Ry. Co., 39 W. Va. 415, 17 S. E. 563. If it is of a different kind, though upon the same issue, or of the same kind on a different issue, it is not cumulative. Cooper v. Ellis, 3 Ind. App. 142, 29 N. E. 444. In Anderson v. State, 43 Conn. 514, 21 Am. Rep. 669, it is held: "That evidence which brings to life some new and independent truth of a different character, although it tends to prove the same proposition, or ground, or claim before insisted on, is not cumulative within the true meaning of the rule." Evidence of distinct

and independent facts of a different character, though it may tend -to establish the same ground of defense or relate to the same issue, is not cumulative within the rule. Waller v. Graves, 20 Conn. 305; 1 Layman v. Mpls. Street Ry. Co., 66 Minn. 452, 69 N. W. 329; Goldsworthy v. Town of Linden, 75 Wis. 24, 43 N. W. 656; Dale v. State, 88 Ga. 552, 15 S. E. 287; Able v. Frazier, 43 Iowa, 175;-Fellows v. State, 114 Ga. 233, 39 S. E. 885; Gray v. Harrison, 1 Nev. 502. None of the facts relied on as newly discovered evidence were testified to by any witness at the trial. No person who knew of the baptism of the prosecuting witness was called or testified. The evidence of these new witnesses is vitally important to the accused, and a new trial should have been granted.

At the trial a paper marked Exhibit 3, a written memorandum purporting to state the names, age, and sex of the Johnson family as given to Joseph Brown by David Johnson, the father of Cora, some time in 1894, was offered and received in evidence by the trial court as tending to show her age at the time of the act complained of. This paper was properly objected to, the objection overruled, and an exception taken; but this ruling was not assigned as error on the motion for a new trial or on this appeal, and is not properly before us for review. However, in view of the granting of a new trial, and to save possible error, it is perhaps proper for us to point out that, so far as we can see at this time, this evidence is wholly incompetent, and if properly assigned as error would have been sufficient ground for reversal.

The judgment and order of the trial court overruling appellant's motion for a new trial are reversed, and a new trial ordered.